**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 00-cv-2444-REB-PAC

KEVIN RUTHERFORD,

    Plaintiff,

v.

DR. LOUIS CABILING,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the defendant's motion for summary judgment [# 262], filed June 24, 2005. The plaintiff has filed a response, and the defendant has filed a reply. I conclude that the motion should be granted.[1]

## I. JURISDICTION & STANDARD OF REVIEW

I have subject matter jurisdiction over this case under 28 U.S.C. § 1331. In fashioning my ruling I have judicially noticed all adjudicative facts in the file and record of this action *pro tanto*. I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs. I have employed the analysis required by apposite law. *See **Anderson v. Liberty Lobby, Inc**.*, 477 U.S. 242, 250 (1986); ***Celotex Corp. v. Catrett***, 477 U.S.

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf*. **FED. R. CIV. P. 56(c)** and **(d)**. ***Geear v. Boulder Cmty. Hosp**.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

317, 325 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); *Redmon v. United States*, 934 F.2d 1151,1155 (10th Cir. 1991); and *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994).

## II.  FACTS

The plaintiff, Kevin Rutherford, is an inmate in the Colorado Department of Corrections (DOC).  In December, 2000, he filed his initial complaint in this case, asserting, *inter alia*, that defendant Dr. Louis Cabiling had been deliberately indifferent to Rutherford's serious medical needs, in violation of Rutherford's rights under the Eighth Amendment to the United States Constitution.  Rutherford asserts his claims under 42 U.S.C. § 1983.  Dr. Cabiling is a physician who works for the DOC, and who provided and coordinated Rutherford's medical treatment at the relevant times.

In April, 2002, I granted motions to dismiss and for summary judgment filed by various defendants.  Rutherford appealed this order to the United States Court of Appeals for the Tenth Circuit.  The Tenth Circuit affirmed in part and reversed in part. ***Rutherford v. Medical Dep't of Dep't of Corrections***, No. 02-1279, 76 Fed. Appx. 893 (10th Cir. September 24, 2003).  The Tenth Circuit concluded that the evidence in the record was sufficient to support arguable claims under the Eighth Amendment and for retaliation against Dr. Cabiling.  *Id.*, 76 Fed. Appx. at 898-99, slip op. at 11-13.  The Tenth Circuit remanded the surviving claims to this court.  Exhaustion of administrative remedies was not at issue in Rutherford's appeal to the Tenth Circuit.  Since the Tenth Circuit's remand, Rutherford's claims against all defendants except Dr. Cabiling have been resolved.

After the remand, counsel was appointed to represent Rutherford. Rutherford filed an amended complaint, and Dr. Cabiling filed an answer to the amended complaint. After further discovery, Dr. Cabiling filed his motion for summary judgment on June 24, 2005.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Dr. Cabiling argues that he is entitled to summary judgment because Rutherford did not exhaust available administrative remedies concerning his claims against Dr. Cabiling. Rutherford concedes that he has not exhausted the available administrative remedies, but argues that Dr. Cabiling should be estopped from pursuing this defense because Dr. Cabiling raised this defense for the first time after the Tenth Circuit's remand and the filing of the amended complaint. Applying the law applicable in the Tenth Circuit, I conclude that exhaustion of administrative remedies is mandatory under 42 U.S.C. § 1997e(a), and exhaustion may not be waived by Dr. Cabiling. Further, I conclude that Dr. Cabiling is not estopped or otherwise barred from raising the issue of lack of exhaustion at this late date.

The relevant portion of 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute was enacted as part of the Prison Litigation Reform Act of 1995. The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life." **Porter v. Nussle**, 534 U.S. 516, 524, 532 (2002); *see also* **Booth v. Churner**, 532 U.S. 731 (2001). "Resort to a prison grievance process

must precede resort to a court." **Porter**, 534 U.S. at 529.  Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action.  **Booth**, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.")  Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective.  *Id*.  Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant.  **Steele v. Federal Bureau of Prisons**, 355 F.3d 1204, 1209 (10h Cir. 2003).  Rather, exhaustion of administrative remedies is an essential allegation of a prisoner's claim, and an essential element of proof in the face of a motion for summary judgment or at trial.  *Id*.

The undisputed facts in the record demonstrate that Rutherford did not exhaust the available administrative remedies concerning his claims against Dr. Cabiling.  At his deposition, Rutherford conceded that he did not file a step 3 grievance concerning his claims against Dr. Cabiling.  *Motion for summary judgment*, filed June 24, 2005, Exhibit K (Rutherford Depo.), 109: 24-25, 110: 1-11.  In his response to the motion for summary judgment, Rutherford again concedes that he did not file a step 3 grievance.  *Response to motion for summary judgment*, filed July 14, 2005, p. 16.  A step 3 grievance is the final step in the DOC grievance process.

Rutherford argues, however, that Dr. Cabiling is equitably estopped from asserting Rutherford's failure to exhaust administrative remedies as a defense. Rutherford says Dr. Cabiling has "acted in such a way that Mr. Rutherford had the right to believe that Dr. Dr. Cabiling was not going to assert the non-exhaustion of remedies

defense." *Response to motion for summary judgment*, p. 17.   To establish equitable estoppel, Rutherford must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment.  **See, e.g., Emery Mining Corp. v. Secretary of Labor,** 744 F.2d 1411, 1417 (10th Cir. 1984).

On this record, I find that Dr. Cabiling is not equitably estopped from asserting Rutherford's failure to exhaust administrative remedies as a bar to Rutherford's claims. Dr. Cabiling has not misrepresented his intent to rely on Rutherford's failure to exhaust administrative remedies, and Rutherford long has been aware of the exhaustion issue. Dr. Cabiling first raised the issue of exhaustion of administrative remedies in his answer to the original complaint, filed May 8, 2001.  In his initial answer, Dr. Cabiling denied that Rutherford had exhausted the available administrative remedies.  On April 16, 2002, the Magistrate Judge noted in a recommendation that "it does not appear that plaintiff has exhausted his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)."  *Recommendation* [# 132], filed April 16, 2002, p. 16. In his answer to the amended complaint, filed July 20, 2004, Dr. Cabiling listed as a defense Rutherford's failure to exhaust administrative remedies.  Dr. Cabiling, however, did not seek dismissal or summary judgment based on Rutherford's failure to exhaust administrative remedies until Dr. Cabiling filed his motion for summary judgment on June 24, 2005.  The issue of exhaustion of administrative remedies has been present in the record since Dr. Cabiling filed his initial answer.  The

record does not support Rutherford's claim that Dr. Cabiling has misrepresented his intent to rely on Rutherford's failure to exhaust administrative remedies.

Even if Dr. Cabiling had not mentioned Rutherford's failure to exhaust administrative remedies, Rutherford could not reasonably rely on Dr. Cabiling's silence on this issue.  As a litigant in this case, Rutherford is charged with knowledge of the requirements of § 1997e(a), with the Supreme Court's holding in **Booth**, and with subsequent holdings by the Supreme Court and the Tenth Circuit which indicate that exhaustion of administrative remedies is mandatory in cases such as this one.  Again, the court noted Rutherford's apparent failure to exhaust administrative remedies as early as April, 2002.  Even if Dr. Cabiling had been silent on the issue of exhaustion of administrative remedies, Rutherford's claimed reliance on Dr. Cabiling's silence would not be reasonable.

Absent both a misrepresentation by Dr. Cabiling and reasonable reliance by Rutherford, equitable estoppel is not applicable.  Further, even if estoppel were applicable, the bar of estoppel would not obviate § 1997e(a)'s mandatory exhaustion requirement.  Again, this requirement is not an affirmative defense, and cannot be waived by a defendant.  **Steele**, 355 F.3d at 1209.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's motion for summary judgment [# 262], filed June 24, 2005, is **GRANTED**;

2. That **JUDGMENT SHALL ENTER** in favor of the defendant and against the plaintiff pursuant to FED. R. CIV. P. 58;

      3. That the defendants is **AWARDED HIS COSTS** to be taxed by the Clerk of the Court under F<small>ED</small>. R. C<small>IV</small>. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

      4.  That the Trial Preparation Conference set for October 14, 2005, is **VACATED**;

      5.  That the jury trial set to commence October 17, 2005, is **VACATED**; and

      6.  That this case is **DISMISSED** with prejudice.

Dated September 14, 2005, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Robert E. Blackburn
                                    Robert E. Blackburn
                                    United States District Judge