**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 00-cv-02444-REB-PAC

KEVIN RUTHERFORD,

    Plaintiff,

v.

DR. LOUIS CABILING,

    Defendant.

**ORDER RE: MOTION TO REVIEW TAXATION OF COSTS**

**Blackburn, J.**

    This matter is before me on the plaintiffs' **Motion to Review Taxation of Costs** [# 279], filed October 24, 2005. The defendant has filed a response, and the plaintiff has filed a reply. I deny the motion.

    On September 14, 2005, I entered an order [#262] granting the defendant's motion for summary judgment, and directing that judgment enter in favor of the defendant and against the plaintiff. In addition, I ordered that the defendant be awarded his costs, to be taxed by the Clerk of the Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1. The Clerk taxed costs in the amount of 2,553.20 dollars. *Bill of Costs* [#278], filed October 18, 2005.

    In his motion to review taxation of costs, the plaintiff asks me to vacate the Clerk's Bill of Costs taxing costs against the plaintiff. The plaintiff cites two reasons for this request. First, the plaintiff argues that this case was not resolved on the merits, but was resolved based on the plaintiff's failure to exhaust administrative remedies.

Second, the plaintiff argues that he is indigent, and the imposition of costs would be inequitable and oppressive.

My discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. **Cantrell v. Int'l Brotherhood of Elec. Workers**, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. *Id.* Indigence is a factor that may be considered in determining whether an award of costs under Rule 54(d)(1) should be excused or reduced. *Id*. However, "the denial of costs is in the nature of a penalty." **Serna v. Manzano**, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." **Klein v. Grynberg**, 44 F.3d 1497, 1507 (10th Cir. 1995); *see also* **Aerotech, Inc. v. Estes**, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

This case was litigated from December 5, 2000, until September 14, 2005. In the end, the plaintiff's claims against the last remaining defendant were dismissed because the plaintiff did not comply with the mandate that he exhaust administrative remedies before filing suit. **42 U.S.C. § 1997e(a)**. As the plaintiff notes, the specific outlines of the exhaustion requirement, and its application to a case such as this case, were clarified by the Supreme Court while this case was pending. *Reply* at 3-4 [#283], filed November 23, 3005. In other words, when the plaintiff filed this case, the application of the exhaustion requirement to this case had not been clarified fully. This circumstance, viewed in the light most favorable to the plaintiff, indicates that the plaintiff may not have been aware of the full force of the exhaustion requirement when he filed this case. Assuming that is true, I conclude that this circumstance does not

justify the imposition of a penalty on the defendant.  The defendant raised the exhaustion issue repeatedly in this case, and the plaintiff, as an active litigant, was charged with knowledge of the exhaustion requirement as it developed.  *See Order Granting Defendant's Motion for Summary Judgment* at 3-6 [#273], filed September 14, 2005*.*  Further, the fact that this case finally was resolved based on the exhaustion requirement, as opposed to an examination of the legal and factual merits of the plaintiff's claim, also does not support the imposition of a penalty on the defendant.

The plaintiff recently was released from prison, after serving nearly 13 years in prison.  The plaintiff argues that he is indigent, and nothing in the record contradicts that assertion.  For the purpose of resolving the plaintiff's motion, I assume that the plaintiff is indigent.  The plaintiff's indigence demonstrates that it likely will be difficult for him to pay $2,553.20 to the defendant.  That fact, however, does not support the imposition of a penalty on the defendant.

I find that nothing in the record demonstrates that the defendant should be penalized by reducing the award of costs, or by excusing the plaintiff from paying costs.  Absent some basis for the imposition of a penalty on the defendant, the award of costs shall stand.

**THEREFORE IT IS ORDERED** that the plaintiffs' **Motion to Review Taxation of Costs** [# 279], filed October 24, 2005, is **DENIED**.

Dated August 10, 2006, at Denver, Colorado.

                        **BY THE COURT:**

                        **s/ Robert E. Blackburn**
                        **Robert E. Blackburn**
                        **United States District Judge**